UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Criminal No. 3:22-cr-00013-GFVT-MAS-1 |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| JEREMY CLAY GUTHRIE, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Report and Recommendation prepared by United States Magistrate Judge Matthew Stinnett. [R. 23.] On referral from this Court, Judge Stinnett conducted a rearraignment hearing for Defendant Jeremy Clay Guthrie. *Id.* During the hearing, Mr. Guthrie expressed his intent to plead guilty to Counts 1, 9, and 10 of the indictment. *Id.* at 1. Judge Stinnett recommends that the Court accept his plea. *Id.* at 3. Now, Mr. Guthrie objects to the recommendation on a limited basis. [R. 24.] He explains that Judge Stinnett's recommendation is inconsistent with the plea agreement's treatment of his forfeiture allegation. *Id.* at 1. The United States agrees. [R. 26.] Accordingly, the Court will **GRANT** his objection **[R. 24]** and **ADOPT** Judge Stinnett's recommendation **[R. 23]** to the extent it is consistent with this Order.

Judge Stinnett recommends that the Court adjudge Mr. Guthrie to have forfeited his interest in $692,044.72. [R. 23 at 3.] Judge Stinnett relates that Mr. Guthrie "expressed intent to . . . stipulate to the forfeiture allegation, consent to the forfeiture of the property listed in the forfeiture allegation of the Indictment, specifically, $692,044.72

. . . ." *Id.* at 1.  Mr. Guthrie objects to this portion of Judge Stinnett's Recommendation. [R. 24.]

Mr. Guthrie argues that "[t]he heart of the party's plea agreement was that the amount of loss involved with Court 1 for wire fraud had yet to be agreed upon and that if the parties could not reach an agreement prior to sentencing, each side would present their respective positions at that time." *Id.* at 1.  Mr. Guthrie objects to Judge Stinnett's conclusion that he conceded that the loss amount is $692,044.72 and to the recommendation that judgment should enter at this time. *Id.*  Mr. Guthrie prefers more time to negotiate this amount with the United States or, if necessary, to litigate the issue at sentencing. *Id.* at 2.

The United States agrees with Mr. Guthrie and explains "[t]here were a number of nuances to this plea agreement that the undersigned attempted to summarize at the hearing . . . ." [R. 26 at 1.]  The Government should have "made clear for the Court" that "no agreement as to any amount exists to date . . . ." *Id.*  It explains that the plea agreement acknowledges that some amount of forfeiture will certainly be imposed in this case. *Id.* at 2.  But the amount of restitution will need to be finalized through further negotiation or by presentation of the parties' respective positions at sentencing. *Id.* at 3.

To receive review of a Magistrate Judge's recommendation, parties must timely file specific objections to it.  *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Only specific objections, rather than generalized complaints, receive review.  *See Slater v. Potter*, 28 F. App'x 512, 512 (6th Cir. 2002).  Therefore, the Court will only reconsider Judge Stinnett's recommendation regarding the amount of forfeiture.

The Parties are correct.  The plea agreement confirms that some amount of restitution will be owed.  [R. 18-2 at 6.]  However, it states that the parties do not agree to the amount and will continue to negotiate.  *Id.* at 6–7.  Restitution should not have been finalized as at the rearraignment hearing, and the Court will not adjudge Mr. Guthrie to have forfeited his interest in $692,044.72 at this time.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Objection **[R. 24]** is **GRANTED**;

2. Judge Stinnett's Recommendation to Accept the Guilty Plea **[R. 23]** is **ADOPTED** as and for the Opinion of the Court, with exception to his determination that the Defendant should be adjudged to have forfeited his interest in $692,044.72;

3. Defendant Jeremy Clay Guthrie is **ADJUDGED** guilty of Counts 1, 9, and 10 of the Indictment;

4. The Defendant's Jury Trial is **CANCELLED**; and

5. A Sentencing Order shall be entered promptly.

This the 22nd day of May 2023.

Gregory F. Van Tatenhove
United States District Judge