UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 3:22-cr-00013-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JEREMY CLAY GUTHRIE, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Parties' Joint Motion for Restitution Order and Forfeiture Money Judgment. [R. 94.] After sentencing, the Court entered Judgment upon a guilty plea as to Defendant Jeremy Guthrie. [R. 90.] For the reasons stated herein, the motion **[R. 94]** is **GRANTED**.

**I**

In September 2022, a grand jury indicted Jeremy Guthrie on ten criminal counts. [R. 1.] The indictment contained a forfeiture allegation as to the amount of gross proceeds obtained through his criminal activity. *Id.* at 5-6. Mr. Guthrie pled guilty to wire fraud and aiding in the filing of a false tax return in violation of 18 U.S.C. § 1343 and 26 U.S.C. § 7206. [R. 21.]

After sentencing, the Court entered a Judgment that ordered the payment of restitution in the amount of $72,770 to the Internal Revenue Service. [R. 90.] That Judgment did not, however, include restitution owed to nonfederal victims, nor did it contain a forfeiture money judgment. The Court indicated at sentencing that those matters would be deferred, pursuant to Fed. R. Crim. P. 32.2(b)(2)(c), until the Parties could reach an agreement or file proposed briefing as to the amount of restitution owed and the amount of forfeiture money to be imposed.

Now, the Parties move the Court to enter an order imposing further restitution and forfeiture and to amend the judgments to reflect the same. [R. 94-1.]

## II

Because the Court has already imposed a sentence and entered judgments in this matter, it first considers its power to amend the restitution and forfeiture items respectively. Generally, 18 U.S.C. § 3664(d)(5) requires a sentencing court "to resolve the restitution issue within 90 days of the sentencing hearing." *United States v. Vandeberg*, 201 F.3d 805, 813 (6th Cir. 2000); *Dolan v. United States*, 560 U.S. 605, 608 (2010). In this case, Mr. Guthrie's sentencing hearing took place on March 18, 2024. [R. 87.] 90 days have not yet passed since Mr. Guthrie's sentencing. Because the Court left the amount of restitution to be determined, the Court retains the power to order restitution.

The Court can also amend the forfeiture order, although its discretion to do so is more limited. Forfeiture orders, including money judgments, are "part of the [defendant's] sentence in the criminal case." *United States v. Maddux*, 37 F.4th 1170, 1174 (6th Cir. 2022) (quoting 28 U.S.C. § 2461(c)). "And, once a court imposes a sentence, generally it may not 'change or modify that sentence unless such authority is expressly granted by statute.'" *Id.* at 1175 (quoting *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013)).

The Government is entitled to civil forfeiture under 18 U.S.C. § 981(a)(1)(C). Because the Government included notice of the forfeiture in the indictment, the Court must order forfeiture of the property as part of the sentence pursuant to the Federal Rules of Criminal Procedure. 28 U.S.C. § 2461(c). Those rules provide only two procedures by which a court can order forfeiture.

Generally, a preliminary order of forfeiture must be issued in advance of sentencing, with enough time for the defendant to suggest modification, unless doing so is impractical. Fed. R. Crim. P. 32.2(b)(2)(B). However, if the court cannot calculate the total money judgment before sentencing, the court may enter a general forfeiture order that defers "calculating 'the total amount of the money judgment until a later date.'" *Id.* 32.2(b)(2)(C); *Maddux*, 37 F.4th at 1177.

The Sixth Circuit interprets Rule 32.2(b) as a mandatory claims-processing rule. *Maddux*, 37 F.4th at 1180. Statutes create three types of deadlines. *Id.* at 1175. Jurisdictional deadlines cannot be forfeited and, if missed, prevent the court from permitting or taking a given action. *Id.* (quoting *Dolan*, 560 U.S. at 610–11) (cleaned up). Ordinary claims-processing rules can be forfeited but regulate the timing of motions or claims brought before the court. *Id.* Last, there are deadlines that seek speed by creating a time-related directive that is legally enforceable but does not deprive a judge of the power to take the action to which the deadline applies. *Id.*

As a mandatory claims-processing rule, Rule 32.2(b) "may be forfeited." *Id.* at 1176. But, "it may not be ignored when properly invoked . . . ." *Id.* "[L]ike jurisdictional deadlines, mandatory claims-processing rules bind counts and may not be equitably tolled." *Id.*

In this case, the Court followed the method of entering forfeiture proscribed by Rule 32.2(b)(2)(C). The best practice under this rule would be to enter a general order, before sentencing, that defers calculating the total money judgment. *Maddux*, 37 F.4th at 1177, 1179. But the Sixth Circuit has acknowledged that ordering forfeiture during sentencing while leaving the amount to be determined could comply with the rule "because that necessarily ensure[s] that the defendant knows of the forfeiture at sentencing." *Id.* at 1180 (internal quotations removed).

The Court can amend the initial judgments for two reasons. First, the Court advised Mr. Guthrie that it would certainly impose forfeiture and that the amount would be based on the

3

money derived from his criminal activity. Second, Mr. Guthrie consented to a later determination of the amount of forfeiture at sentencing and again when he jointly filed the motion for entry of an agreed restitution and forfeiture order. Because Rule 32.2(b) is a claims processing rule, Mr. Guthrie could and did waive his protections.

### III

Having heard witness testimony at sentencing, having reviewed the Joint Motion and Agreed Order, and the Court being otherwise sufficiently advised, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. The Joint Motion for Restitution Order and Forfeiture Money Judgment **[R. 94]** is **GRANTED**;

2. Restitution is due and owing and shall be paid to the Company, with headquarters in Illinois, known to the United States and the Defendant and identified as the "Company" in the Plea Agreement, as a victim of the Defendant's wire fraud offense pursuant to 18 U.S.C. § 3663(a) and 18 U.S.C. § 3663A(a) in the amount of $652,508.73;

3. Restitution is due and owing and shall be paid to Block Inc., a company with headquarters in San Francisco, California, that offers a suite of ecommerce products, including Square, as a victim or the Defendant's wire fraud offense pursuant to 18 U.S.C. § 3663(a) and 18 U.S.C. § 3663A(a) in the amount of $14,381.10;

4. A forfeiture money judgment shall be entered against Mr. Guthrie in the amount of $666,889.83, representing the amount of proceeds he obtained as a result of the violation of 18 U.S.C. § 1343 to which he pled guilty;

5. These monetary penalties are in addition to the criminal monetary penalties imposed in the Court's Judgment [R. 90,] which included an assessment of $300.00 and restitution to the Internal Revenue Service in the amount of $72,770.00, such that the total amount of restitution imposed upon Mr. Guthrie is $739,659.83;

6. The forfeiture money judgment against Mr. Guthrie constitutes a debt owed to the United States that is sperate and distinct from any restitution, fine, or penalty ordered by the Court and that shall survive bankruptcy.  The United States may take any necessary steps to satisfy the forfeiture money judgment, including but not limited to moving to substitute property having a value not to exceed $666,889.83 to satisfy the money judgment in whole or in part.  Mr. Guthrie agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met;

7. Pursuant to Rule 32.2(b)(3) and 18 U.S.C. § 853(n), the United States is authorized to conduct any appropriate discovery and necessary ancillary proceedings as to the rights of third parties who may have an interest in any forfeited property or as to the collection of the money judgment or forfeiture of subsequent assets used to satisfy the judgment;

8. This Order shall constitute the entirety of the Agreement between the Parties regarding restitution to nonfederal victims and forfeiture money judgment;

9. Any disputes involving this Order shall be resolved by the Court.  The Court shall retain jurisdiction for the purpose of enforcement; and

10. The United States Probation Office is **DIRECTED** to prepare Amended Judgments for the Defendant **Jeremy Guthrie**.

5

This the 28th day of May 2024.

                                                 Gregory F. Van Tatenhove
                                                 United States District Judge